**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN C. PARKINSON,

        Appellant,

        v.

DEPARTMENT OF JUSTICE,

        Agency.

DOCKET NUMBER
SF-0752-13-0032-C-1

DATE:  May 20, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Kathleen McClellan</u>, Esquire, and <u>Jesselyn Radack</u>, Esquire,
    Washington, D.C., for the appellant.

<u>Celeste M. Wasielewski</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**ORDER**

The agency has filed a petition for review and the appellant has filed a cross petition for review of the compliance initial decision, which granted in part the appellant's petition for enforcement.  Generally, we grant petitions such as these only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review. Therefore, we DENY the petition for review and the cross petition for review. We AFFIRM the administrative judge's conclusion that the appellant was not entitled to back pay from September 14, 2012, through July 13, 2016, because he was unavailable to perform his duties due to the suspension of his Top Secret security clearance, but he was entitled to be placed in the appropriate leave category during this time frame. We further AFFIRM the administrative judge's conclusion that the appellant was entitled to back pay from July 14, 2016, through December 17, 2018, because he had a Top Secret security clearance from the Department of Defense Consolidated Adjudications Facility (DoDCAF) during this time frame. We VACATE the administrative judge's analysis of the appellant's return to duty, and we FIND that, during the time frame from December 18 through 30, 2018, the agency was not in compliance with the final Board decision. Except as explicitly modified herein, we AFFIRM the compliance initial decision. We also REFER the petition for enforcement to the Board's Office of General Counsel for additional processing and issuance of a final decision. *See* 5 C.F.R. § 1201.183(c).

## BACKGROUND

The following pertinent facts are generally undisputed. The appellant held the position of GS-1811-13 Special Agent with the Federal Bureau of

Investigations (FBI) when the agency proposed his removal on October 7, 2011, based on four charges of alleged misconduct. *Parkinson v. Department of Justice*, MSPB Docket No. SF-0752-13-0032-I-2, Appeal File (I-2 AF), Tab 6 at 61-75. On the same date, the agency suspended the appellant's Top Secret security clearance based on the allegations in the proposed removal. *Parkinson v. Department of Justice*, SF-0752-13-0032-C-1, Compliance File (CF), Tab 1 at 19-20. The deciding official in the removal sustained all four charges, and the appellant was removed from his position, effective September 13, 2012. I-2 AF, Tab 6 at 38-40, 42-57.

Following a lengthy litigation history, on October 10, 2018, the administrative judge issued an initial decision, mitigating the appellant's removal to a 15-day suspension after only one of four misconduct charges were sustained. *Id.*; *Parkinson v. Department of Justice*, MSPB Docket No. SF-0752-13-0032-M-2, Appeal File (M-2 AF), Tab 11. The initial decision ordered the agency to cancel the removal action and substitute in its place a 15-day suspension without pay, and to pay the appellant the appropriate amount of back pay, with interest, within 60 days after the decision became final. CF, Tab 15, Compliance Initial Decision (CID) at 2; M-2 AF, Tab 11 at 10. The initial decision became final on November 14, 2018, after neither party filed a petition for review. CID at 1 n.1; M-2 AF, Tab 11 at 12.

On December 17, 2018, the appellant was advised that the agency canceled the removal and returned him to duty,[2] effective September 13, 2012.[3] CF, Tab 3 at 15-18. The agency revoked the appellant's Top Secret security clearance on December 31, 2018, and issued him a notice of proposed removal on January 14,

---

[2] The agency indicated in its correspondence to the appellant that this was a "'paper' reinstatement." CF, Tab 1 at 11.

[3] The exact date that the removal was canceled and the appellant was returned to duty is not in the record. Therefore, we will use the date of the agency's correspondence, December 17, 2018, as the date that the removal was canceled and the appellant was returned to duty.

2019.  CID at 5; CF, Tab 1 at 21-25.  The appellant also submitted a request to retire from the agency, effective April 25, 2019.  CID at 5; CF, Tab 11 at 15, 44-49.

On January 31, 2019, the agency notified the appellant that it had no obligation to pay him back pay because his security clearance (a requirement of his Special Agent position) had been suspended and later revoked.  CID at 2; CF, Tab 1 at 17-18.  This petition for enforcement followed.  CF, Tab 1.  The administrative judge issued an acknowledgment order, to which the agency and the appellant responded.  CID at 2; CF, Tabs 2-4.  The administrative judge reopened the record on November 5, 2019, and both parties responded.  CF, Tabs 10-11, 13.

The administrative judge issued a compliance initial decision, in which he made the following findings:  (1) the agency did not waive its right to challenge the October 2018 initial decision regarding back pay and benefits; (2) the appellant was not entitled to back pay for the period of September 14, 2012, through July 14, 2016, when he was unavailable to perform the duties of his position due to his suspended security clearance, but he was entitled to be placed in the appropriate leave category for this time period; (3) the appellant was entitled to back pay beginning July 14, 2016, through December 31, 2018, when he was given a Top Secret security clearance by DoDCAF; (4) the appellant was not entitled to return to duty in his former position due to the agency's revocation of his Top Secret security clearance on December 31, 2018; and (5) placing the appellant on paid administrative leave, effective January 1, 2019, pending a decision on the proposed removal or retirement, would constitute compliance with the return-to-duty order.  CID at 5-11.  The administrative judge therefore granted in part the appellant's petition for enforcement.  CID at 11.

The administrative judge ordered the agency to (1) place the appellant in the appropriate leave category (sick, annual, leave without pay (LWOP), paid military leave, and military LWOP) for the period September 14, 2012, to

July 14, 2016, and pay the appropriate amount of pay, interest, and benefits to the appellant in accordance with his leave status; (2) pay him back pay, interest, and benefits from July 15, 2016, through December 31, 2018, less any interim earnings; (3) place the appellant on administrative leave effective January 1, 2019; and pay him the appropriate amount of pay, interest, and benefits from that date; and (4) provide an accounting to the appellant that he has received all of the back pay, leave, interest, and other benefits owed to him in accordance with the compliance initial decision. CID at 11-12.

The agency has filed a petition for review of the compliance initial decision, the appellant has filed a response, and the agency has filed a reply. Compliance Petition for Review (CPFR) File, Tabs 1, 3-4. The appellant has also filed a cross petition for review, to which the agency has responded. CPFR File, Tabs 3, 6.

In its petition for review, the agency contends that the administrative judge erred in finding that the appellant was entitled to back pay from July 14, 2016, until December 31, 2018, and in finding that the appellant should be placed on paid administrative leave following the revocation of his Top Secret security clearance on December 31, 2018. CPFR File, Tab 1 at 6-13. In his cross petition for review, the appellant argues that he was entitled to back pay from September 14, 2012, to July 14, 2016.[4] CPFR File, Tab 3 at 18-22.

---

[4] The appellant raises two procedural issues in his response. First, he argues that the petition for review should be dismissed as untimely filed because it challenges the October 10, 2018 initial decision as well as the compliance initial decision. CPFR File, Tab 3 at 7-10. In response, the agency states that the appellant's argument in this regard "borders on the frivolous" because it only sought review of the two rulings from the compliance initial decision on review. CPFR File, Tab 4 at 9. We agree with the agency. Indeed, the agency's arguments on review—that the administrative judge erred when he found that the appellant was entitled to back pay from July 14, 2016, until December 31, 2018, and when he found that the appellant should be placed on paid administrative leave following the revocation of his Top Secret security clearance—are patent challenges to the administrative judge's findings in the compliance initial decision. We therefore deny the appellant's motion to dismiss the agency's petition for review as untimely filed.

**DISCUSSION OF ARGUMENTS ON REVIEW**

<u>Legal standard</u>

When the Board finds a personnel action unwarranted, the aim is to place the employee, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred, i.e., the status quo ante. *Tubesing v. Department of Health and Human Services*, 115 M.S.P.R. 327, ¶ 5 (2010); *Sink v. Department of Energy*, 110 M.S.P.R. 153, ¶ 19 (2008); *Black v. Department of Justice*, 85 M.S.P.R. 650, ¶ 6 (2000). In particular, the agency must reinstate the appellant to his former position and duties absent a strong overriding interest or compelling reasons for not doing so. *Tubesing*, 115 M.S.P.R. 327, ¶ 5; *Labatte v. Department of the Air Force*, 58 M.S.P.R. 586, 594 (1993). The agency bears the burden of proof on the issue of its compliance with a Board order. *Tubesing*, 115 M.S.P.R. 327, ¶ 5.

We affirm the administrative judge's finding that the appellant was not entitled to back pay from September 14, 2012, through July 13, 2016, because he was unavailable to perform his duties due to the suspension of his Top Secret security clearance, but he was entitled to be placed in the appropriate leave category during this time frame.[5]

Second, the appellant moves to strike from the record the agency's Exhibit A to the agency's petition for review. CPFR File, Tab 3 at 18. The agency's reply brief does not address this argument. CPFR File, Tab 4. Under 5 C.F.R. § 1201.115, the Board will generally not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The agency has not made such a showing here. Accordingly, we have not considered Exhibit A in our analysis here.

[5] There is a discrepancy in the compliance initial decision regarding the starting date of the appellant's entitlement to back pay. CID at 10. The heading of this section stated, "[t]he appellant is entitled to back pay *beginning* July 14, 2016." *Id.* (emphasis supplied). Consistent with that heading, the administrative judge explained that "beginning July 14, 2016," the agency's stated reason for denying the appellant back pay—namely, his lack of a security clearance—no longer applied because DoDCAF determined that he was eligible for a Top Secret security clearance. *Id.* However, the administrative judge stated later in that same paragraph that, "*subsequent* to July 14, 2016"—meaning starting on July 15, 2016—the agency was obligated to pay the

In the compliance initial decision, the administrative judge noted that an employee subjected to an unwarranted or unjustified personnel action is generally entitled to receive back pay equaling the amount the employee would have earned if the action had not occurred. CID at 6 (citing 5 U.S.C. § 5596 and 5 C.F.R. § 550.805(a)). He further noted that, in computing back pay, an agency may not include "[a]ny period during which an employee was unavailable for the performance of his . . . duties for reasons other than those related to, or caused by, the unjustified or unwarranted personnel action." CID at 6 (citing 5 C.F.R. § 550.805(c)(2)).

The administrative judge determined that the appellant was not available to perform his duties from September 14, 2012, through July 13, 2016, because his Top Secret security clearance had been suspended by the agency on October 7, 2011, and pursuant to 5 C.F.R. § 550.805(c)(2), the agency was precluded from paying him back pay and benefits during that time. CID at 6. The administrative judge, relying on the Board's nonprecedential decision in *Brown v. Department of Defense*, MSPB Docket No. SF-0752-14-0310-C-2, Final Order (Jan. 6, 2017), among other cases, found that an appellant whose position requires a security clearance as a condition of employment is not entitled to back pay for any period when his security clearance has been suspended. CID at 6-8. The administrative judge acknowledged the appellant's argument that the suspension of his security

_____

appellant back pay and all attendant benefits. *Id.* (emphasis supplied). The administrative judge ordered the agency to pay the appellant back pay, interest, and benefits "from July 15, 2016, through December 31, 2018." CID at 12. Because DoDCAF issued the appellant a Top Secret security clearance on July 14, 2016, CF, Tab 4 at 29, we find that the appellant's entitlement to back pay should begin on this date. Accordingly, we modify the compliance initial decision to find that he was entitled to back pay starting on July 14, 2016, through December 17, 2018 for the reasons described herein. We further modify the compliance initial decision to find that the appellant was *not* entitled to back pay from September 14, 2012, through July 13, 2016, but he was entitled to be placed in the appropriate leave category during this time frame for the reasons described herein. To minimize any confusion, our analysis will describe the administrative judge's findings in the compliance initial decision and will construe the parties' arguments on review to comport with these parameters.

clearance was "caused by the now overturned removal action" or was otherwise related to it; he found that he was precluded from examining the reason why the security clearance was suspended because doing so would constitute reviewing the merits of the underlying security determination, which the Board cannot do. CID at 8. Because it was undisputed that the appellant's position required a Top Secret security clearance and the clearance was suspended, the administrative judge concluded that the appellant was not entitled to back pay under 5 C.F.R. § 550.805(c), irrespective of the reason for the suspension, because he was not eligible to perform his duties. *Id.* Notwithstanding these findings, the administrative judge concluded that the agency must place the appellant in the appropriate leave category because, among other things, he was on active military duty and the agency granted his request for leave pursuant to the Family and Medical Leave Act of 1993 during this time frame. CID at 4, 8-10.[6]

In his cross petition for review, the appellant contends that the administrative judge erred by finding that he was not entitled to receive back pay for this time frame. CPFR File, Tab 3 at 18-22. In pertinent part, he notes that 5 C.F.R. § 550.805(c)(2) only disallows back pay when the employee's unavailability is caused by reasons "other than those related to, or caused by, the unjustified or unwarranted personnel action," and he asserts that the 2011 suspension of his security clearance "was caused *only* by the unjustified removal action." *Id.* at 19 (emphasis in original). He also asserts that he consistently maintained his security clearance eligibility with the Department of Defense between 2010-2018, so his unavailability could only be due to the now-overturned removal action. *Id.* The appellant contends that the administrative judge erred in relying on the nonprecedential decision in *Brown*

---

[6] To that end, the administrative judge ordered the agency to place the appellant in the appropriate leave category (sick, annual, LWOP, paid military leave, and military LWOP) for the period September 14, 2012, to July 13, 2016, and to pay the appropriate amount of pay, interest, and benefits to the appellant in accordance with his leave status. CID at 11-12. Neither party challenges this finding on review, and we do not disturb this aspect of the compliance initial decision.

because Mr. Brown's security clearance was suspended 1 year before the removal action and was not a result of the proposed removal action. *Id.* at 20. The appellant contends instead that the Board has found significant the reason that certain appellants lacked a security clearance. *Id*. (discussing *White v. Department of the Army*, MSPB Docket No. AT-0752-05-0119-C-2, Compliance Initial Decision (Aug. 3, 2006), and *King v. Department of the Navy*, 100 M.S.P.R. 116 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006)). The appellant further asserts that the administrative judge's finding that he was precluded from examining the reason why the security clearance was suspended was a "far too broad" reading of *Department of the Navy v. Egan*, 484 U.S. 518 (1988); instead, he argues that the Board can examine an agency's stated reasons for taking actions in order to make decisions within the Board's jurisdiction. CPFR File, Tab 3 at 21 (discussing *King v. Alston*, 75 F.3d 657 (Fed. Cir. 1996), and *Cheney v. Department of Justice*, 479 F.3d 1343 (Fed. Cir. 2007)). In this regard, he asserts that evaluating his availability to work as part of a back pay award is "squarely within the Board's enforcement authority." *Id.* Finally, he argues that *Egan* does not preclude a back pay award if the Board finds an adverse personnel action invalid, even when the action is based on revocation of a security clearance. *Id.* at 21-22 (discussing *Cheney* and *Lizut v. Department of the Army*, 30 M.S.P.R. 112 (1986)).

The appellant's arguments do not persuade us that the administrative judge erred in this regard. His cited legal authority is either not binding on the Board or is distinguishable. For example, the *White* initial decision has no precedential value and cannot be cited to or relied on as controlling authority. *See Rockwell v. Department of Commerce*, 39 M.S.P.R. 217, 222 (1988); 5 C.F.R. § 1201.113. In *Cheney*, 479 F.3d at 1344-45, our reviewing court considered an appeal involving an indefinite suspension based on a suspended security clearance. The court concluded that the agency failed to meet the procedural requirements of 5 U.S.C. § 7513, Mr. Cheney's indefinite suspension was improper, and he was entitled to

recover back pay for the period of the improper suspension. *Id.* at 1349-53. Notably, the decision in *Cheney* did not involve a compliance matter, nor did it reference 5 C.F.R. § 550.805(c). Moreover, the cases cited therein regarding Mr. Cheney's entitlement to back pay did not involve compliance matters and did not mention or discuss this regulation. *Cheney*, 479 F.3d at 1353 (citing *Gose v. U.S. Postal Service*, 451 F.3d 831, 840 (Fed. Cir. 2006), and *McFarland v. Department of the Navy*, 62 M.S.P.R. 161, 165-66 (1994)). Similarly, in *Alston*, 75 F.3d at 662-63, the court reviewed an enforced leave appeal, finding in pertinent part that, although the action was based on the suspension of access to classified information, the agency was required to comply with 5 U.S.C. § 7513(b), and it did. There was no compliance issue raised in *Alston* either.

*Lizut* and *King* are compliance matters and, thus, are similar to the procedural posture of this matter. However, neither decision warrants a different outcome. The Board in *Lizut* affirmed the award of back pay, but the decision itself contained no discussion of 5 C.F.R. § 550.805 or the propriety of a back pay award after Mr. Lizut lost his security clearance. *Lizut*, 30 M.S.P.R. at 115-18. In *King,* 100 M.S.P.R. 116, ¶ 15, the Board found that Ms. King was not ready, willing, and able to report to the position offered by the agency because she lacked the security clearance required to work at that facility. Importantly, the Board noted that the absence of an interim security clearance was due to Ms. King's failure to answer two questions on the clearance questionnaire and did not relate to the unwarranted personnel action that resulted from the agency's violation of her restoration rights; accordingly, because she was not ready, willing, and able to work at the agency facility, she was not entitled to back pay. *Id.*, ¶¶ 14-16.

More importantly, the appellant's arguments and cited authorities do not overcome the binding precedent from the U.S. Supreme Court in *Egan*, 484 U.S. at 520, 530-31, and numerous subsequent decisions from the U.S. Court of Appeals for the Federal Circuit and the Board, which specifically prohibit the

Board from reviewing the substance of an underlying agency decision to deny, revoke, or suspend a security clearance. *See, e.g.*, *Ryan v. Department of Homeland Security*, 793 F.3d 1368, 1371 (Fed. Cir. 2015); *Romero v. Department of Defense*, 658 F.3d 1372, 1377 (Fed. Cir. 2011) ("Like the MSPB, our review of removal actions that involve the revocation or denial of a security clearance is limited to reviewing the procedures used rather than the substance of the revocation decision."); *Cheney*, 479 F.3d at 1351-52; *Rogers v. Department of Defense*, 122 M.S.P.R. 671, ¶ 5 (2015) (noting that the Board lacks authority to review the merits of the decision to suspend access to classified information);[7] *Wilson v. Department of the Navy*, 122 M.S.P.R. 585, ¶¶ 7-11 (2015), *aff'd*, 843 F.3d 931 (Fed. Cir. 2016); *Rothlisberger v. Department of the Army*, 111 M.S.P.R. 662, ¶ 12 (2009); *King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 20 (2005) (noting, in the context of the compliance proceeding, that the Board cannot examine the substance of the agency's decision not to grant the appellant a security clearance, but it can determine whether the agency has failed to return the appellant to duty in good faith), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006).[8] In the absence of any legal authority that would permit us to examine or otherwise review the reasons for the agency's decision to suspend the appellant's security clearance, we affirm the compliance initial decision in this regard.

<u>We affirm the administrative judge's finding that the appellant was entitled to back pay from July 14, 2016, until December 17, 2018, because he had a Top Secret security clearance from DoDCAF during this time frame.</u>

The administrative judge determined that beginning July 14, 2016, the agency's stated reason for denying the appellant back pay (his lack of a security clearance) no longer applied because DoDCAF determined that he was again eligible for a Top Secret security clearance. CID at 10; CF, Tab 4 at 29. He

---

[7] We use the terms "security clearance" and "access to classified information" interchangeably.

[8] This appeal is an earlier Board decision involving the same Ms. King and agency action discussed above.

further found that, pursuant to 50 U.S.C. § 3341(d),[9] the agency was obligated to accept DoDCAF's completed security clearance background determination. CID at 10. Thus, the agency was obligated to pay the appellant back pay and all attendant benefits (health benefits, life insurance, Thrift Savings Plan, retirement credit, and leave accrual) less his interim employment earnings from the U.S. Marine Corps.[10] *Id.* The agency challenges the administrative judge's findings in this regard. CPFR File, Tab 1 at 6-11. In particular, the agency does not claim that it was error for the administrative judge to discuss or rely upon 50 U.S.C. § 3341(d) in making his decision; rather, it asserts that the administrative judge misinterpreted section 3341(d). *Id.* at 4, 6-11.

For example, the agency correctly notes on review that the reciprocity provision is not absolute. *Id.* at 9. Indeed, 50 U.S.C. § 3341(d)(5) states that "reciprocal recognition of an individual security clearance by an agency under this section on a case-by-case basis [may be disallowed] if the head of the entity selected pursuant to subsection (b) determines that such action is necessary for national security purposes."[11] The agency references an "oversight agency" on

_____

[9] The statute at 50 U.S.C. § 3341(d)(1) states that "[a]ll security clearance background investigations and determinations completed by an authorized investigative agency or authorized adjudicative agency *shall be accepted by all agencies.*" 50 U.S.C. § 3341(d)(1) (emphasis added).

[10] The administrative judge noted that the appellant had a Top Secret security clearance with the Department of Defense from September 13, 2012, until July 29, 2015, but he did not find that the agency was obligated to accept it for purposes of granting the appellant back pay because the evidence of record indicates that, during this time, neither the Department of Defense nor the agency had any awareness of their conflicting positions on whether the appellant should have such a clearance. CID at 10 n.8; *see* CF, Tab 4 at 18. The appellant does not appear to challenge the administrative judge's rationale in this regard on review.

[11] The statute at 50 U.S.C. § 3341(b)(1), (4) states, in pertinent part, that "the President shall select a single department, agency, or element of the executive branch to be responsible for," among other things, "directing day-to-day oversight of investigations and adjudications for personnel security clearances, including for highly sensitive programs, throughout the United States Government [and] ensuring reciprocal recognition of access to classified information among the agencies of the United States Government, including acting as the final authority to arbitrate and resolve disputes

review, CPFR File, Tab 1 at 9, but it does not identify that agency or its head, nor does it otherwise submit any evidence that reciprocal recognition was disallowed at any time before the removal action was canceled and the appellant was returned to duty on December 17, 2018.

We have considered the agency's other arguments on review, but none warrant a different outcome. For example, in support of its contention that it was not obligated to accept DoDCAF's security clearance determination pursuant to the reciprocity provision in 50 U.S.C. § 3341(d)(1), the agency asserts that DoDCAF should have been obligated to accept its own October 7, 2011 determination to suspend the appellant's Top Secret security clearance. CPFR File, Tab 1 at 7. In response, the appellant asserts that reciprocity should not be given to the agency's October 7, 2011 suspension of his security clearance because it was "neither an investigation nor a determination" and the agency's decision was not final. CPFR File, Tab 3 at 12. We need not resolve whether the October 7, 2011 suspension of his security clearance constituted a background investigation or an access determination because the statute specifically contemplates reciprocity for all *completed* security clearance background investigations or determinations. 50 U.S.C. § 3341(d)(1). The agency's October 7, 2011 decision to suspend the appellant's security clearance stated that "[t]his entire matter will be closely reviewed before a final determination is made." CF, Tab 1 at 19. By its own terms, the agency's decision to suspend his security clearance was not final or completed; therefore, it was not entitled to reciprocity under 50 U.S.C. § 3341(d)(1).

The agency also asserts that 50 U.S.C. § 3341(d)(4) prohibits an authorized investigative or adjudicative agency from conducting an investigation "for purposes of determining whether to grant a security clearance to an individual where a current investigation or clearance of equal level already exists or has

---

involving the reciprocity of security clearances and access to highly sensitive programs pursuant to subsection (d)."

been granted by another authorized adjudicative agency." CPFR File, Tab 1 at 7. The agency asserts that, when DoDCAF conducted its investigation, the appellant maintained a suspended Top Secret security clearance. *Id.* The appellant responds that DoDCAF did not conduct an investigation; rather, DoDCAF adjudicated the appellant's security clearance eligibility based on information that it received from the agency. CPFR File, Tab 3 at 12.

We are not persuaded by the agency's argument. First, it is not clear that DoDCAF conducted an "investigation for purposes of determining whether to grant a security clearance" because the basis of its decision was the agency's 2009 Single Scope Background Investigation.[12] CF, Tab 4 at 29. Second, at the time DoDCAF issued its determination, the appellant's Top Secret security clearance from the agency had been suspended, so a "clearance of equal level" did not exist.

The agency also argues that the administrative judge failed to consider Executive Order 12,968, 60 Fed. Reg. 40245 (Aug. 2, 1995), which is cited in 50 U.S.C. § 3341. CPFR File, Tab 1 at 8. In pertinent part, the agency contends that, in December 2018, it did not grant reciprocity to DoDCAF's determination because it "possessed substantial information that [the appellant] might not satisfy the standards set forth in § 3.1 of [Executive Order 12,968]."[13] CPFR File, Tab 1 at 11. The agency's December 31, 2018 decision to revoke the appellant's Top Secret security clearance referenced and quoted from the Executive Order in this regard, and it concluded that the appellant's "retention of access to national security information would constitute an unacceptable risk to national security."

---

[12] The Single Scope Background Investigation is not in the record.

[13] Section 3.1(b) of Executive Order 12,968 provides that "eligibility for access to classified information shall be granted only to employees . . . whose personal and professional history affirmatively indicates loyalty to the United States, strength of character, trustworthiness, honesty, reliability, discretion, and sound judgment." It notes that a determination of eligibility for access to such information "is a discretionary security decision" and should be "consistent with national security interests."

CF, Tab 1 at 22-23. However, the agency's subsequent decision to revoke the appellant's security clearance is immaterial to our assessment of the agency's compliance with the Board's final decision that ordered it to cancel the removal and award him back pay and benefits as appropriate.[14]

Finally, in its reply brief, the agency argues that, by ordering it to give reciprocity to DoDCAF's access determination and to pay back pay and benefits to the appellant during this time period, the administrative judge has essentially required it to reinstate the appellant's Top Secret Security clearance, which cannot be reconciled with *Egan*. CPFR File, Tab 4 at 6-7. We disagree. The Board is not making any judgments as to the merits of any security clearance determination that would be inconsistent with *Egan*. We merely reject the agency's argument that the appellant was not entitled to back pay due to the absence of a security clearance during a period in which the record shows he possessed such a clearance.

In conclusion, we affirm the administrative judge's finding that the appellant is entitled to back pay and other benefits from July 14, 2016, to December 17, 2018.

---

[14] We do not take a position on whether the agency's December 31, 2018 decision to revoke the appellant's security clearance comports with 50 U.S.C. § 3341(d)(5). In this regard, we note that section 2.4 of Executive Order 12,968 states, in pertinent part, that "[e]xcept when an agency has substantial information indicating that an employee may not satisfy the standards in section 3.1, . . . background investigations and eligibility determinations conducted under this order shall be mutually and reciprocally accepted by all agencies." In contrast to 50 U.S.C. § 3341(d)(5), which states that the "head of the entity selected pursuant to subsection (b) may disallow" reciprocal recognition of an individual's security clearance "for national security purposes," section 2.4 does not identify any individual(s) who are authorized to make that determination. Although we need not resolve this conflict to address the issues raised in this compliance matter, we are unaware of any case law holding that an Executive Order takes precedence over a statute.

<u>We vacate the administrative judge's analysis of the appellant's return to duty;
instead, we find that the agency is not in compliance with the Board's final
decision during the time frame of December 18 through 30, 2018.</u>

As noted above, in January 2019, the agency proposed a new removal
action, and the appellant requested to retire, effective April 25, 2019. CID at 5.
In the compliance initial decision, the administrative judge found that following
the agency's revocation of the appellant's security clearance on December 31,
2018, the lack of a current security clearance "constitutes a strong, overriding
interest for [the agency] not returning [the appellant] to his former position."
CID at 11. The administrative judge also found that the agency's placement of
the appellant on paid administrative leave, effective January 1, 2019, pending a
decision on the proposed removal or his retirement application would constitute
compliance with the Board's order to return him to duty, particularly in light of
the appellant's request to use leave pending a decision on his retirement.[15] CID
at 11.

On review, the agency contends that the administrative judge's order
regarding paid administrative leave conflicts with 5 C.F.R. § 550.805(c), Board
precedent, and the administrative judge's earlier finding, i.e., that the appellant
was not entitled to back pay, interest, and benefits when he was not available to
perform his duties due to the suspension of his Top Secret security clearance.
CPFR File, Tab 1 at 12-13. In his response, the appellant contends that the back
pay award only governs the time frame up until the agency canceled the removal
action in December 2018. CPFR File, Tab 3 at 17 (citing 5 U.S.C.
§ 5596(b)(1)(A), which states that the Back Pay Act applies to the time period
"for which the personnel action was in effect"). The appellant contends that,
until the agency makes a decision on the proposed removal, his pay and benefits
are governed by the Board's final decision. *Id.* We agree with the appellant that
the Back Pay Act is not applicable following the cancellation of the removal.

---

[15] The record does not contain any information regarding whether the agency issued a
decision on the proposed removal or whether the appellant retired.

Although it is generally true that the lack of a security clearance is a "strong overriding interest" to not return an employee to his position, *Labatte*, 58 M.S.P.R. at 594, the appellant still had a Top Secret security clearance from DoDCAF on December 17, 2018, when the agency canceled the removal and returned him to duty, and the agency did not take any action to revoke his Top Secret security clearance until December 31, 2018, CF, Tab 1 at 21-23. Therefore, during the time frame of December 18 through 30, 2018, the agency's obligation was to return the appellant to the status quo ante, which included returning him to duty with pay. It did not do so. *See* CF, Tab 1 at 24 ("[B]ecause a Top Secret security clearance is a necessary prerequisite for all [agency] employment and [the appellant's] clearance remained suspended, [he was] not returned to a pay status."), Tab 4 at 17 (stating in a March 5, 2019 declaration made under penalty of perjury that the appellant was in a "non-pay, non-duty status"). Therefore, the agency is not in compliance with the Board's final decision.

We need not decide in the context of this compliance matter whether the agency's subsequent actions, beginning with its December 31, 2018 decision to revoke the appellant's Top Secret security clearance, were proper. *See, e.g.*, *Mattern v. Department of the Treasury*, 87 M.S.P.R. 352, ¶ 6 (2000) (noting that the scope of the Board's enforcement authority generally extends only to the action appealed), *rev'd on other grounds,* 88 M.S.P.R. 65 (2001), *aff'd*, 291 F.3d 1366 (Fed. Cir. 2002). The agency's apparent decision to maintain the appellant in an unpaid status following the revocation of his security clearance and the notice of proposed removal appear to constitute a suspension for more than 14 days that would be appealable to the Board pursuant to 5 U.S.C. §§ 7512(2), 7513.[16] The appellant has not filed a chapter 75 suspension appeal, presumably

---

[16] Under ordinary circumstances, an employee whose removal has been proposed "will remain in a [paid] duty status in his . . . regular position during the advance notice period." 5 C.F.R. § 752.404(b)(3); *see Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 16 (2010).

because this time frame was being adjudicated in this compliance matter. However, the better course of action is to allow the appellant, if he desires, to file a chapter 75 appeal on the suspension or the removal (if it has been effected) or both.[17] *See, e.g.*, *Rothwell v. U.S. Postal Service*, 68 M.S.P.R. 466, 468-69 (1995) (noting that an appellant's claim that a second action was improper should be considered as a separate appeal of the second action, not as a petition for enforcement of an interim relief order).

Conclusion

For the reasons described herein, we affirm the administrative judge's conclusion that the appellant was not entitled to back pay from September 14, 2012, to July 13, 2016, but he was entitled to be placed in the appropriate leave category during this time frame. We also affirm the administrative judge's conclusion that the appellant was entitled to back pay from July 14, 2016, until December 17, 2018. We vacate the administrative judge's analysis of the appellant's return to duty, and we find that, during the time frame of December 18 through 30, 2018, the agency is not in compliance with the Board's final decision.

Outstanding issues of compliance remain, and both parties have submitted evidence and argument on these issues under MSPB Docket No. SF-0752-13-0032-X-1, which is currently pending in the Board's Office of General Counsel. The appellant's petition for enforcement will therefore be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain

---

[17] Any subsequently filed appeal involving the agency's actions in the 2018-2019 time frame would normally be untimely and would require the administrative judge to evaluate whether the appellant has shown good cause for the untimely filing. In evaluating good cause in any such case, the administrative judge should consider whether the appellant believed the actions taken during this time frame were covered in this compliance matter.

compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision and setting forth his further appeal rights and the right to attorney fees, if applicable.

**ORDER**

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the Office of the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(a). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

This order does not constitute a final order and is therefore not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued which shall be subject to judicial review.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.